J-S46040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FADAH BURTON, | : | |
| | : | |
| Appellant | : | No. 2892 EDA 2014 |

Appeal from the Judgment of Sentence entered on September 4, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0012356-2013

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 16, 2015**

Fadah Burton ("Burton") appeals from the judgment of sentence imposed following her conviction of simple assault. *See* 18 Pa.C.S.A. § 2701. We affirm.

Burton, accompanied by 3 other women, assaulted another woman from her neighborhood, punching her several times and hitting her with a brick. Burton was arrested and charged with aggravated assault, conspiracy, possessing an instrument of crime, recklessly endangering another person, and simple assault. After a non-jury trial, the trial court found Burton guilty of simple assault, and not guilty of the remaining charges.

At the sentencing hearing conducted on September 4, 2014, the parties agreed to an offense gravity score of 3 and a prior record score of 0.

The trial judge, without providing reasons on the record, sentenced Burton to 9-23 months of house arrest, which was outside of the applicable sentencing guidelines.[1] As part of the sentence, Burton was required to complete anger management classes, parenting classes, and job training. Burton was also required to seek employment and obtain her GED.

On September 5, 2014, Burton filed a Motion for Reconsideration of sentence, which was denied. Burton filed a timely Notice of Appeal and a court-ordered 1925(b) Concise Statement of Matters Complained of on Appeal. The trial court issued an Opinion.[2]

On appeal, Burton raises the following question for our review: "Did the trial court[,] in sentencing [Burton] to nine (9) to twenty-three (23) months of home confinement, outside [of] the sentencing guidelines and aggravated guidelines for simple assault, abuse its discretion when there were no stated aggravating factors and no reasons supporting the sentence given on the record?" Brief for Appellant at 6.

Burton challenges the discretionary aspects of her sentence.

---

[1] *See* 42 Pa.C.S.A. § 9721(b) (stating that "[i]n every case where a court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing … the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission").

[2] On October 3, 2014, Burton filed a Motion for Setting of Bail Pending Appeal, which was denied. Thereafter, on October 21, 2014, the trial court reconsidered the Motion, and granted Burton bail pending the outcome of her appeal.

An appellant challenging the discretionary aspects of the sentence must invoke this [C]ourt's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

Burton filed a timely Notice of Appeal and raised her claim in a timely Motion for Reconsideration.[3]  However, Burton did not file a Rule 2119(f) Statement in her brief, and the Commonwealth has objected to Burton's omission.  ***See*** Brief for the Commonwealth at 7.  Thus, Burton has waived her challenge to the discretionary aspects of her sentence.  ***See Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that "[a] failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.").

Judgment of sentence affirmed.

---

[3] The trial court posits that the issue is waived on appeal because Burton did not raise the issue at sentencing or in her Motion for Reconsideration.  ***See*** Trial Court Opinion, 11/4/14, at 3.  However, upon our review of the Motion for Reconsideration, we conclude that Burton properly raised the claim.  ***See*** Motion for Reconsideration of Sentence, 9/5/14 (wherein Burton claims that "there is nothing in the record supporting a sentence exceeding the aggravated range….").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015